**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND A. MCNEIL,<br><br>  Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>  Defendant. | Civil Action No. 22-5337 (KMW) (AMD)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 4.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety.

**I.    BACKGROUND**

Plaintiff is a convicted state prisoner housed in South Woods State Prison. (ECF No. 1 at 2.) In his complaint, Plaintiff contends that the New Jersey Department of Corrections refuses to grant him public health emergency credits to which he believes he is entitled. (*Id.* at 5-6.) Plaintiff states that he requested such credits be applied to his case, but his request was denied as the state

determined that Petitioner does not fit the requirements for the credits. (*Id.*) Plaintiff also contends that the Department of Corrections "has taken good time credits" from him after a resentencing following a partial success on appeal, and refuses to recalculate his sentence, resulting in him remaining in prison past the date on which he believes he should have been released. (*Id.*) Plaintiff therefore asks that this Court order his immediate release and award him compensation for the credits he believes he is being improperly denied. (*Id.* at 6-7.)

## II.   **LEGAL STANDARD**

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]'

devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.    DISCUSSION

In this matter, Plaintiff seeks to raise a claim pursuant to 42 U.S.C. § 1983 against the Department of Corrections in which he is directly attacking the length of his detention. A federal civil rights suit under 42 U.S.C. § 1983, however, is not the proper vehicle for such a challenge. The Supreme Court has long held that a prisoner may not use § 1983 as a means to challenge the fact or duration of his conviction or sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (a federal civil rights action "will not lie when a state prisoner challenges the fact or duration of his confinement" and § 1983 cannot be used by a prisoner to seek either his "immediate release" or a "shortening" of his term of confinement); *Preiser v. Rodriguez*, 411 U.S. 475, 482, 489 (1973). Indeed, the Court has extended this rule to bar not only suits directly seeking to invalidate a sentence or its duration, but also to cases where a plaintiff attempts to raise a claim for money damages the success of which would impugn the validity of his conviction or sentence. *Wilkinson*, 544 U.S. at 80-82; *Heck v. Humphries*, 512 U.S. 477, 486-87 (1994). The Court thus requires that

3

any civil rights suit seeking either to invalidate a term of imprisonment or its duration, or money damages from an allegedly improper sentence be preceded by a judgment of the state or federal courts invalidating that conviction or sentence. *Wilkinson*, 544 U.S. at 81-82. This is because the correct mechanism by which a state prisoner may seek to invalidate his sentence or its duration in federal court is a petition for a writ of habeas corpus, and § 1983 may not be used to circumvent the gatekeeping requirements applicable to such a petition.[1] *Id.* at 80-82. The Supreme Court has thus expressly held that a state prisoner's civil rights suit "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of [his] confinement or its duration." *Id.* at 81-82. Because success on Plaintiff's current claims would directly imply the invalidity of his current period of detention – indeed, Plaintiff himself recognizes this in requesting his outright release – he may not present his current claims unless and until he has successfully raised his challenge to his credits in state court or a petition for a writ of habeas corpus. *Id.* Plaintiff's complaint is therefore dismissed without prejudice in its entirety.[2]

---

[1] Although Plaintiff has apparently filed grievances with the state prison system and department of corrections he does not appear to have presented his claim for credits to the state courts through either appealing to the state courts from the denial of credits or by seeking relief directly through suit in the state courts. He therefore does not appear to have sufficiently exhausted his claims to permit them to be raised in this Court through a habeas petition. *See, e.g., McArthur v. New Jersey State Parole Board*, No. 20-7316, 2020 WL 3577834, at *1 (D.N.J. July 1, 2020) (proper exhaustion for habeas purposes requires appealing administrative decisions to the state courts through the Appellate Division and New Jersey Supreme Court for challenges to continued detention not seeking to challenge the underlying conviction). As Plaintiff's claims thus appear to be unexhausted at this time, and because he is seeking compensation not available through habeas corpus, this Court will not reconstrue his current complaint as an attempted habeas petition. If Plaintiff exhausts his claims through the state courts without receiving relief, he may thereafter file a habeas petition challenging the denial of credits if he so chooses.

[2] Although this procedural bar is sufficient to warrant the dismissal of this matter, the Court also notes that Plaintiff names only a single Defendant in this matter, the New Jersey Department of

4

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

Corrections. The Department of Corrections, however, is not a person subject to suit under § 1983, and is in any event entitled to Eleventh Amendment immunity. . *See, e.g., Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health and Human Servs.*, 730 F.3d 291, (3d Cir. 2013); *Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013); *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013). Any claim against the Department would therefore also be subject to dismissal on that basis.